**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DOUGLAS RAY PACE,

    Defendant-Appellant.

No. 05-2120

(D.C. No. 04-CR-550)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **BALDOCK**, and **McCONNELL**, Circuit Judges.[**]

Defendant Douglas Pace is serving 188 months in prison following his guilty plea to three counts of distributing less than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possession with intent to distribute in excess of 50 grams of cocaine base within 1000 feet of a school in violation of 21 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

1

§§ 841(a)(1), (b)(1)(A) and 860(a). In his plea agreement, Defendant preserved his right to appeal the district court's denial of his motion to suppress. See Fed. R. Crim. P. 11(a)(2). On appeal, Defendant contends the search warrant was invalid because the affidavit in support of the warrant failed to establish probable cause to search the named residence. Defendant contends in the alternative that law enforcement officers unlawfully executed the warrant by violating the "knock and announce" rule. The district court rejected these same arguments in a thorough Memorandum Opinion and Order. We exercise jurisdiction under 28 U.S.C. § 1291. Viewing the evidence in a light most favorable to the Government, we accept the district court's findings of historical fact unless clearly erroneous. We review its ultimate determination of reasonableness de novo. See United States v. Gregoire, 425 F.3d 872, 875 (10th Cir. 2005). Applying these standards, we affirm.

In this case, the affidavit in support of the warrant stated a drug task force officer had received information that Defendant was engaged in the sale of crack cocaine from the subject residence. The affidavit further stated that trash bags found directly behind the residence contained (1) baggies with drug residue on them, (2) other baggies consistent with the distribution of illegal drugs, (3) marijuana cigarette butts, (4) a flyer listing the address of the residence, and (5) a sports roster containing Defendant's name. Because the affidavit contained information which undoubtedly linked illegal drugs to the residence, and thus established a "fair probability" that law enforcement officers would find contraband or other evidence of a crime inside the residence, Defendant's argument that the affidavit failed to

2

establish probable cause for issuance of a warrant necessarily fails. See Illinois v. Gates, 462 U.S. 213, 238 (1983).[1]

Defendant's argument that the officers executing the warrant violated the "knock and announce" rule similarly fails. See Wilson v. Arkansas, 514 U.S. 927, 934 (1995) (holding the principle of announcement is an element of the Fourth Amendment's reasonableness inquiry). The record contains ample support for the district court's finding that officers knocked on the west side door of the residence and announced their presence around 7:30 a.m. After waiting ten to fifteen seconds and receiving no response, the officers, after four attempts, kicked in the door. In assessing the reasonableness of entry in these types of situations, courts routinely take into account exigent circumstances, i.e. the risk that a suspect may dispose of drug evidence prior to entry. See United States v. Banks, 540 U.S. 31, 38 n.5 (2003) (citing cases). In United States v. Myers, 106 F.3d 936, 940 (10th Cir. 1997), we upheld entry into the residence of an individual suspected of drug trafficking ten seconds after a "knock and announce." In United States v. Knapp, 1 F.3d 1026, 1031 (10th Cir. 1993), another drug trafficking case, we upheld entry into defendant's residence after a ten

---

[1] Defendant suggests that because officers did not corroborate the informant's statement that Defendant was living at the named residence, the warrant was invalid. To the contrary, the flyer with the residence's address and the roster containing Defendant's name retrieved from the trash very much linked him to the residence (which turned out to be his girlfriend and co-defendant's residence). In any event, whether Defendant was living at the named residence was immaterial because the affidavit established probable cause to link the residence to illegal drug activity regardless of whether Defendant actually resided there.

to twelve second interval. Because a real possibility existed that drug evidence would be destroyed once the officers announced their presence outside the residence, their ten to fifteen second wait before forcing entry into the residence was reasonable.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge